### Case No. 4,893.

### The F. MERWIN.

[10 Ben. 403.] [1]

District Court, S. D. New York. April, 1879.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

W. R. Darling, for libellant.
R. H. Huntley, for claimants.

CHOATE, District Judge. In this case, in which the claimants have obtained a decree dismissing the libel with costs, the libellant has appealed from the clerk's taxation. The clerk allowed twenty-five cents each for filing and entering "claim," "answer," "appearance" and "consent." The fee bill (Rev. St. § 828) allows for "filing and entering every paper," ten cents. Libellant insists that ten cents only should be allowed for these items, and in this I think he is correct. The additional charge of fifteen cents appears to have been made under that clause of the fee bill which allows the clerk for "making any record" fifteen cents a folio, but there was no ·record made upon the filing and entering of these papers which is not fully and aptly described under the terms "filing and entering." It is objected to the item for "consent," that no such paper was filed. The allowance of this item by the clerk indicates that he found such a paper on file, or evidence in his books that such a paper had been filed. Of course, if this was not so, the allowance of any fee therefor is improper. The same remark applies to the item of ten cents for "entering order of approval," which is

objected to on the same ground. The item for "drawing claim and stipulation" is correct, if the papers were drawn by the clerk; otherwise not. The item "6 acknowledgements," twenty-five cents each, is correct, there appearing, by the record, to have been that number of acknowledgements. The charge for "5 oaths at 10 cents and 5 jurats at 15 cents," is objected to, on the ground that the fee of ten cents for administering an oath includes the service of the clerk in making the certificate of the administration of the oath—the jurat. I think the charge is correct. The fee bill allows ten cents for administering the oath. It allows fifteen cents for "making a certificate." The two services are distinct and are both here rendered. The item "attending on justification one day, three dollars," is also correct. This is a commissioner's fee for a service rendered by him in conformity with a general rule of the court requiring the testimony upon the justification of sureties to be taken before a commissioner. And it has been held that where the court calls on an officer of the court to render services, for which no fee is by law established, he is entitled to a reasonable compensation,—The Alice Taintor· [Case No. 196],—and the fee here charged is reasonable in amount and established by long usage. The item of fifteen cents for "making up the costs" on the bonding, is also proper. It became necessary for the clerk to make up for the parties a statement of the costs at that time and for this as a "certificate" or a "record" he is entitled to the fee.

· The item of $9.50 paid to the commissioner for taking depositions of witnesses, is objected to, on the ground that the services thus charged for were not rendered by the commissioner, that the witnesses were merely sworn before him, but that no such service was rendered. I understand the point to be that the witnesses were sworn before the commissioner and then by consent of the proctors for the two parties, the testimony was actually written down not by or in the presence of the commissioner, and the witnesses were afterwards brought before the commissioner and sworn to the depositions as made, and he made thereon his customary certificate. If this was so, I think the commissioner was entitled to his regular fees for taking and certifying the deposition, in the absence of an express stipulation between him and the parties waiving the same in whole or in part. The item of fifty dollars paid to the notary public Bowers for taking depositions is objected to on the ground that he was acting in the matter as clerk or amanuensis for the claimants' proctor. It appears that besides being a notary he was also attorney's clerk to claimants' proctor. It is claimed by libellant's counsel that the understanding was that to avoid the expense of taking the depositions before a commissioner, they should be taken down by the proctors themselves and sworn before a notary; that in pursuance of this understanding, the libellant's proctor wrote down his examination, and claimants' proctor employed his clerk, who was also the notary, to write down his. There was, however, no written stipulation to this effect, and as the depositions were apparently taken by and sworn before the notary, and the parties do not agree that there was such a stipulation or understanding, the court cannot take notice of it. The fact that the notary happened to be the clerk of one of the proctors did not disqualify him to act as notary upon the consent of the parties, nor disentitle him to his just fees therefor. This disbursement is duly vouched for and properly allowed.

Objection is made to an item of $130.50 included in the marshal's bill, for "wharfage," on the ground that under Rev. St. §§ 823, 829, no such charge is proper. Section 823 provides: "The following and no other compensation shall be taxed and allowed to attorneys * * * marshals * * * except in cases otherwise expressly provided by law." Section 829 regulates the fees of the marshal, and contains the following clause: "For the necessary expenses of keeping boats, vessels, or other property attached or libelled in admiralty, not exceeding two dollars and fifty cents a day." It is insisted that this charge .for wharfage is to be deemed a charge for an "expense of keeping" the vessel. Section 823 refers in terms only to compensation, and not to expenses or disbursements of the officer, incurred by him in the discharge of his duties. Section 829, however, does restrict, within certain limits, many of those items or kinds of expense and disbursements which the officer is likely to incur in the performance of his duty, and actual disbursements beyond those limits must, of course, be disallowed, where they fall within the description of the kind of expenses thus limited; but as to expenses and disbursements not provided for in section 829, and necessarily incurred by the marshal in the performance of the duties of his office, I see nothing in either section to forbid his being reimbursed such expenses as without any legislation and upon general principles of law he would be entitled to, as for money paid out at the request and for the use of another. It appears to me that the "expense of keeping," here referred to, is the expense which the marshal is put to in maintaining the actual custody of the vessel under his process, and that what he may have to pay for "wharfage" or the use of a berth for her to lie in, in safety, is not properly to be considered such an expense. The marshal as the actual custodian of the vessel, especially if the owner or master leaves her, would be bound to use reasonable efforts to protect the vessel from danger, while in his custody, as, for instance, to move her in case of fire, or to use proper endeavors to put out a fire. No express provision is made for his taxing such disbursements, but I think that such disbursements

may properly be taxed, if reasonable in amount and necessarily incurred; and wharfage belongs rather to this class of expenses than to the expense of "keeping" the vessel. This and the other small items in the marshal's bill are properly allowable, if duly vouched for.

Let the costs be re-taxed in conformity with this opinion.