## THE PERSEVERANCE.[1]

*(District Court, E. D. New York.   March 21 and April 1, 1884.)*

1. ADMIRALTY—MARSHAL'S FEES—CUSTODY FEES—REV. ST. § 829.
   Section 829 of the Revised Statutes does not fix $2.50 per day as an absolute limit of the charges taxable by the marshal for expenses incurred by reason of his custody of property attached in admiralty cases.

2. SAME—PROTECTING PROPERTY AGAINST RIVER THIEVES.
   If it is necessary for the marshal to maintain possession and care of property in different places at the same time, and also to protect it from an unusual and serious danger, such as loss by depredations of river thieves, there is nothing in section 829 to limit the marshal's expenditure to $2.50 a day.

3. SAME—EXPENSE OF WATCHMEN.
   But he cannot charge $5 a day on the ground that he paid a watchman $2.50 for watching the property in the day-time, and another watchman $2.50 for watching the same property, at the same place, in the night-time.

4. SAME—EXTRA MEN—DEFENSE OF PROPERTY AGAINST COLLECTOR OF CUSTOMS.
   Charges, incurred by the marshal for extra men employed to prevent the collector of customs from taking the property by force out of the marshal's custody, were disallowed.

In Admiralty.

*Sidney Chubb,* for claimants.

*Benedict, Taft & Benedict,* for libelants.

*Goodrich, Deady & Platt,* for the marshal.

BENEDICT, J.   Section 829 of the Revised Statutes does not, in my opinion, fix $2.50 per day as an absolute limit of the charges taxable by the marshal for expenses incurred by reason of his custody of property attached in admiralty cases.   In the case of *The F. Merwin,* 10 Ben. 407, it is said by Judge CHOATE that there may be cases where the marshal, as actual custodian of a vessel, is bound to protect the vessel from danger, and may tax the reasonable expenses incurred in protecting it, in his costs, as a necessary disbursement. To this I agree; and I am of the opinion that section 829 does not limit the marshal to $2.50 a day in the present case, where, as I understand, the process ran against a vessel partly burned, laden with a cargo of jute, partly burned, and some still on fire, and where it was necessary to remove the cargo from the vessel and store it in two different places, whereby the marshal became bound to keep the vessel at one place, part of the cargo at another place, and part of the cargo at still another place, and where all the property was in unusual danger of loss by the depredations of river thieves.   If the cargo could not be allowed to remain in the vessel, but was of necessity removed and kept in places of storage distinct from each other and from the vessel, and the marshal was, therefore, obliged to maintain possession and care of property in three different places at the same time, and in addition to keeping it, obliged to protect it

[1] Reported by R. D. and Wyllys Benedict, of the New York bar.

from an unusual and serious danger, I find nothing in section 829 that will limit the marshal's expenditure to $2.50 a day.

As the facts of this case do not very fully appear, I shall send the bill back to be retaxed by the clerk in accordance with the view above expressed, and give any party interested liberty to show the actual amount of expense incurred by the marshal in keeping, and also in preserving, the property from danger. As several processes against the same property were in the marshal's hands at the same time, I suppose the marshal's disbursements will be divided among the various libelants, and therefore all the libelants must have notice of the retaxation of the costs.

BENEDICT, J. The testimony in regard to the disputed items in the marshal's bill is vague. As I understand it he has sought to charge $5 per day for expenses incurred in keeping the property seized, upon the ground that he paid one watchman $2.50 for watching the property in the day-time and another watchman $2.50 for watching the same property, at the same place, in the night-time. The statute will not permit this, and the clerk's allowance of more than $2.50 per day is therefore overruled. The rejection by the clerk of the charges incurred to prevent the collector of customs from taking the property from the marshal by force must, upon the testimony as it stands, be affirmed. It may be, however, that all the facts have not been brought out in the affidavits submitted to the clerk; and as it appears that the marshal has, in fact and in good faith, paid the amount charged in his bill for expenses, leave is given him, if he desires, to present additional testimony, and to have the bill retaxed before the clerk upon such additional testimony in regard to the items now disallowed.