## THE WAVELET.

## FOSTER v. THE WAVELET, her Tackle, Apparel, etc.

*(District Court, D. New Jersey.  October 31, 1885.)*

1. ADMIRALTY PRACTICE—COSTS—MARSHAL'S EXPENSES FOR SERVING MONITION.
    A marshal may charge for actual expenses incurred in traveling to make service of a monition in lieu of mileage.
2. SAME—REFERENCE TO CLERK AS COMMISSIONER TO TAKE TESTIMONY.
    Under the forty-fourth rule in admiralty, the court, whenever it deems it necessary or expedient, may refer a cause to a commissioner to take testimony; and it is not necessary, when the cause is referred to the clerk as such commissioner. to assign any special reason for such reference.
3. SAME—COSTS WHEN PARTIES FAIL TO APPEAR.
    When an appointment to take testimony is made, and the commissioner attends, he is entitled to charge three dollars whether the parties attend or not; and where one of the parties appears, and the failure to go on arises from the absence of the other. the defaulting party should pay the charge; and if neither attend, the losing party should be charged therewith, when the court orders the costs to be paid to the successful party,
4. SAME—EXCEPTIONS OVERRULED.
    On examination, exceptions to taxation of costs overruled.

In Admiralty.  Appeal from taxation of costs.

*Hyland & Zabriskie,* for libelant.

*George H. Pettit,* for respondent.

NIXON, J.  This is an appeal from the taxation of costs by the clerk.  It appears in the case that the clerk gave notice to the parties that the costs would be taxed on August 28, 1885.  No one appeared on that day in behalf of the proctors for the libelant.  The proctor of the respondent was represented by a lad who stated that he was his office clerk.  The clerk of the court proceeded to tax the costs which had accrued in the case, and filed a copy of the same. To this numerous exceptions have been taken.  Notice was given to the parties of the day which the court had designated to hear argument on the exceptions.  No one appeared on that day, but the proctor of the respondent sent a brief.  I must therefore examine the case with the light thrown upon it by the papers filed and the brief submitted.

The first exception is to the fees of the clerk, alleging (1) that the items are not specified; (2) that the amount charged is in excess of what the law allows.  Both exceptions are overruled.  The items are specified in detail, and the respective sums seem to be in accordance with the allowance of the statute.

The second exception is to the marshal's fees.  They are objected to on the grounds (1) that the items should be set out in detail; and, (2) that no fees accrued to the marshal; and (3) that no expense was incurred for the care of the vessel.  The writ came to the hands of the marshal on Saturday, September 20, 1884, with the infor-

mation that the boat was then lying on the New Jersey coast at or near Port Monmouth, in the county of Monmouth. Not being able to serve the monition himself, he gave it to a special deputy, with written authority to make the service. He took the most expeditious route to find her, and, on reaching the place near which the vessel was moored, he received information that she had been bonded. He has charged nothing for serving the monition, or for the care of the boat, or for mileage in the trip to find her. His bill is for the actual expenses incurred in traveling to make the service of the monition. He has set forth every item verified by the affirmation of the marshal and special deputy. The charge is in accordance with the provisions of the fee-bill, authorizing the marshal at his option to make such charge in lieu of mileage.

The third exception relates to disbursements by the libelant or his proctors. The grounds alleged are (1) that they were not taxable disbursements; (2) that no sufficient affidavit was filed proving they were made or actually incurred; and (3) that no witness fees were paid. This exception is not sustained by the facts which appear. One of the proctors and the libelant himself swear to the disbursements, and they appear to have been made and were taxable.

The commissioner's fees are objected to on various grounds: (1) Because the reference was made to the clerk of the court as commissioner, without any determination by the judge that special reasons existed for such appointment; (2) that some of the depositions were not actually written by the commissioner's own hand, but by a notary for him, and hence that the commissioner was not entitled to charge for the same; (3) that he claimed for more days than he was actually in attendance for taking testimony.

The forty-fourth rule in admiralty authorizes the court, whenever it deems it necessary or expedient, to send the admiralty causes to a commissioner to take the testimony, and this has been the rule in this court for more than a quarter of a century. The number of cases always pending renders such a course necessary, in order to keep the court from falling into arrears in the disposition of this branch of business. I am not disposed to recognize the right of any proctor, of short or long standing, to question the authority of the court for exercising its discretion in such matters. No special reasons were assigned for the appointment of the clerk as commissioner to take the evidence, because the reference does not fall within the act of congress quoted by the proctor for the respondent in his brief. I have always understood that act to relate to the appointment of the clerk as a receiver or master. These are different officers, and have quite different duties to perform.

With regard to the circumstance that some of the depositions were in fact written by another person than the commissioner, I understand that was done for the convenience and with the assent of the parties. No charge is made by any other individual for the service. The work

was done, and the commissioner is entitled to the lawful fees therefor.

I have looked through the testimony to ascertain whether the allegation is true that the commissioner charged for a greater number of days than he actually attended. The record does not disclose, as it should, the times when and the places where the commissioner was in attendance. When an appointment is made and the commissioner attends, he is entitled to charge three dollars, whether the parties come or not. If one side comes, and the failure to go on arises from the absence of the other, the charge should be made against and paid by the defaulting party. If neither attend, then it should be charged against the losing party; when the court orders the costs to be paid to the successful party. The clerk is directed to ascertain the number of days that he actually attended on the reference as commissioner, to verify the same by oath, and retax the costs accordingly.

With regard to the allegation that the number of folios in the testimony taken has been overestimated, the clerk of the respondent's proctor has filed an affidavit setting forth that he diligently counted over the words, and that they aggregated 120 folios. There are 76 pages of the testimony, and the commissioner has estimated the same at the rate of two folios per page, which would seem to be a reasonable estimate. But this is a question of numeration and not of law, and the clerk will ascertain whether more folios have been charged for than were actually written; and if an error in count has been committed, he will retax for the correct number at the rate of 20 cents per folio.