## THE NELLIE PECK.[1]

### TICHNER v. THE NELLIE PECK.

(*District Court, E. D. Missouri.* November 10, 1885.)

1. ADMIRALTY—MARSHAL'S FEES—KEEPING BOATS—REV. ST. § 829.
   Where it becomes necessary, in order to prevent loss, for a marshal to expend over $2.50 per day in keeping a boat, libeled in admiralty, he should be allowed, for necessary extra expenses, such an amount as the work done is worth, and ·no more.
2. SAME—WORK NECESSITATED BY NEGLIGENCE.
   Where a marshal has work done in a defective manner, and additional labor becomes necessary in consequence, no compensation for the latter should be allowed.

In Admiralty. Libel for wages. *In re* marshal's account.

Section 829 of the Revised Statutes of the United States provides that a marshal shall be allowed "for the necessary expenses of keeping boats, vessels, or other property attached or libeled in admiralty, not exceeding two dollars and fifty cents a day."

*O'Neill Ryan,* for libelant.

TREAT, J. The United States Statutes prescribe that for necessary expenses for keeping boats, etc., in admiralty there should be allowed to the marshal any amount not exceeding $2.50 per day. If circumstances occur which demand for the safety of the property a larger expenditure, the court, on being satisfied, may allow the same. ·

It seems, from the account rendered, that two watchmen were employed, each at the rate of $2 per day, making, instead of $2.50 per day, $4. It appears also that, while watchmen were on duty, an extra spar was bought, which may have been necessary. The marshal charges $1 in favor of John Mish, in going to the tug-office, and assisting in fastening said steam-boat, Nellie Peck, to the shore.

The court cannot see the need for such extra work, if the tug had done its work properly. A tug-boat was used to tow the defendant boat to Carroll street, for which a charge of $10 is made, and in addition thereto $5 for making fast and sparring out. If such towage and labor were properly incurred and done, what becomes of the next two items three days thereafter, viz., September 7th, pulling the Nellie Peck off the bank, $5, and on September 8th, landing her in a storm, $5? If the tug towed, fastened, and sparred out the boat properly, she would not have been grounded, nor parted her moorings. The last two items must be rejected. There is nothing shown to the court indicating that the amount of $2.50 should be exceeded, except as to a few incidentals and the towage account. Therefore the court strikes out the item of $1 for John Mish; strikes out the last two items in the account of the Western Coal & Tow Company, each

[1]Reported by Benj. F. Rex, Esq., of the St. Louis bar.

for $5, and the watchmen are reduced, respectively, to $1.50 per day, having 25 cents each per day in excess of the statutory requirements. Hence the account will stand as presented, less the following items, viz.:

| | |
|---|---:|
| John Mish, | $ 1 00 |
| Western Coal & Tow Co., | 10 00 |
| John Bertram, (watchman,) | 14 00 |
| Walter Atkinson, (watchman,) | 17 00 |
| J. C. Kribben, (watchman,) | 30 50 |

It is important that the expenses of judicial administration be kept rigidly within the requirements of the law; and that the court in no case should permit, especially under the head of extra allowances, any charge which is not shown to be reasonably necessary.

The case before the court furnishes an apt illustration. The amount of the sale was $675, and the marshal's bill is $323.81, the clerk's and other costs amount to what the statute prescribes, to be hereafter determined. It must be understood that judicial expenses shall not be permitted to exceed what the law allows, otherwise, instead of distributing assets for the benefit of the parties litigant, the property will be devoured in unnecessary expenses.