William Price *v.* The County of Lancaster, Appellant

*Constables—Costs—Serving subpœnas—Act of May* 23, 1893.

Under the Act of May 23, 1893, P. L. 117, a constable is entitled to charge for serving a subpœna fifty cents for each person named in the subpœna and actually served.

*Practice, Supreme Court—Superior Court—Appeals.*

Where on cross appeals the Superior Court decides one appeal against plaintiff and the other against defendant, and the defendant alone appeals to the Supreme Court, the Supreme Court can only consider the question involved in defendant's appeal.

*Statutes—Construction of statutes.*

Where the universal practice throughout the commonwealth was to allow certain fees under an act of assembly, such practice was a cotemporary construction of the act which was presumably known to the legislature, and when in a later act they used the same words, merely increasing the amount, the presumption is strong that they intended them to bear the same construction.

Argued Oct. 28, 1898.   Appeal, No. 240, Jan. T., 1898, by defendant, from judgment of Superior Court, Nov. T., 1896, No. 183, reversing judgment of C. P. Lancaster Co., Sept. T., 1896, No. 3, on case stated.   Before McCollum, Mitchell, Dean and Fell, JJ.   Affirmed.

Appeal from Superior Court.

The facts appear by the opinion of the Superior Court reported in 7 Pa. Superior Ct. 119.

*Error assigned* was in holding that for serving a subpœna the constable may, for each person named in the process and actually served, legally charge fifty cents.

*A. B. Hassler,* county solicitor, and *W. U. Hensel,* with them *J. Hay Brown,* for appellant.—It is a well-established principle that, to hold the county liable for costs, there must be express statutory authority.   Nothing is taken in this regard against the county by implication : Franklin Co. v. Conrad, 36 Pa. 317 ; Huntingdon Co. v. Com., 72 Pa. 80 ; Com. v. Buccieri, 153 Pa. 570.

This Court has invariably held to the rule that where the language of a statute is clear and unequivocal, it expressed the intent of the legislature, and no construction is necessary: Bradbury v. Wagenhorst, 54 Pa. 180; Haddock v. Com., 103 Pa. 243; Pittsburg v. Kalchthaler, 114 Pa. 547; Sener v. Ephrata Borough, 176 Pa. 80.

It is incredible that the legislature intended the township constable to have fees fixed at more than three times the rate of the sheriff in the great counties of the commonwealth.

Our view has been very generally entertained by the lower courts, though some decisions are the other way: Boyle v. Luzerne Co., 8 Kulp, 141; Woomer v. Clearfield Co., 5 Dist. Rep. 362; Davison v. Franklin Co., 5 Dist. Rep. 745; Conley v. York Co., 5 Dist. Rep. 748; Long v. Northumberland Co., 20 Pa. C. C. R. 70; Com. v. Thorn, 19 Pa. C. C. R. 299.

To find the intention of the legislature, the different parts of the statute must be read together: Haddock v. Com. 103 Pa. 243.

*Thomas J. Davis,* with him *H. M. Houser,* for appellee. Woomer v. Clearfield Co., 17 Pa. C. C. R. 665.

OPINION BY MR. JUSTICE MITCHELL, January 2, 1899:

The case stated raised questions as to two classes of fees due the plaintiff as a constable. The Superior Court on cross appeals decided one against plaintiff and the other against defendant. The latter only has appealed to us, and therefore, notwithstanding appellee's contention that both questions being in the case should be considered together, we have but one before us. There is but one appellant, and we could not on his appeal decide the case against him for a possible error of the court below in his favor.

The single question, then, is whether the fee bill of 1893 (Act of May 23, 1893, P. L. 120, sec. 2) which gives the constable " for serving subpoena fifty cents " means fifty cents for the whole paper, without regard to the number of names contained in it, or fifty cents for each name or person served. The brevity of the phrase makes it ambiguous and we get no light from the context. That the question is close and doubtful is shown by the conflicting decisions of the courts which have

passed upon it.    After consideration of them all we concur
with the judgment of the Superior Court in the case before us,
and might well rest our conclusion on the opinion of the learned
judge therein delivered.

But it may be well to add some considerations upon the ar-
gument addressed to us by appellant.

It is said that the compensation is for "serving a subpœna"
and no paper is served until it is served on all the persons
whose names appear in it.    In a certain sense this is true.    As
regards obedience by the officer to the command of the court
his duty is single, and is not fully performed until all of the
command has been executed.    Yet even in this aspect the ar-
gument may easily be pushed too far.    If a dozen names be in
the subpœna and one of them cannot be served, it can hardly
be that the law meant to refuse the officer any compensation
for serving the other eleven.    On the other hand the service
of the subpœna on each person named is several and complete
in itself.    Both as to the officer and the witness, and their re-
spective duties and obligations, the service is to be regarded
by itself, and is not affected by what is done or omitted with
reference to the others.    If each name were in a separate sub-
pœna there could be no question about the constable's right to
fifty cents for each, though they might all be dwellers in the
same house.    On the other hand if a dozen or more be put in
one paper the constable may have to traverse the four corners
of the county to make service.    It is scarcely reasonable to sup-
pose that the law meant to put the costs of a legal proceeding
requiring such different service from the officer, so absolutely
in the control of the parties.    Appellant cites the remarks of
GIBSON, C. J., in Coates v. Wallace, 17 S. & R. 75, 80, as to
the multiplication of official services with a view to costs, say-
ing, the legislature "has thought proper to require a party to
include the names of all his witnesses in one subpœna."    This
is not expressed with the usual accuracy or clearness of that
great judge.    The act of which he was speaking (February 22,
1821, sec. 9, P. L. 59) makes no such requirement of a party,
but only of the clerk of the court issuing the subpœna, and
that with liberty to the party to have separate subpœnas if
he so desires.    The reason of the act is plain enough.    The
clerk was to have a fee of twenty-five cents for issuing each

subpœna and for "each name after the first, two cents." His interest was to make a separate subpœna for each witness, but he was restrained from doing so against the will of the party taking out the subpœna. A similar provision is contained in the act of 1893, which will be referred to further on.

But the weightiest consideration on the whole subject is the cotemporary construction given to the Act of April 2, 1868, P. L. 13, and the repetition of the same language in the act of 1893. The former in section 11, relating to the fees of constable, contains the item " serving subpœna fifteen cents." It was stated by the learned judge of the Superior Court in his opinion, and is now conceded by the appellant, that the universal practice throughout the commonwealth was to allow the fee for each witness served. Such practice was a cotemporary construction of the act which was presumably known to the legislature, and when in the act of 1893 they used the same words, merely increasing the amount, the presumption is strong that they were intended to bear the same construction.

Our attention is called by the appellant to section 1 of the act of 1893, in which the fees of justices of the peace and magistrates are fixed for "summons or subpœna, twenty-five cents. Capias in civil cases fifty cents. Every additional name after the first, all witnesses' names to be in one subpœna unless separate subpœnas be requested by the parties, ten cents." This is a continuation in very similar words of the provision in the act of 1821 already discussed, and the object was the same, to prevent the officer from running up fees by making separate subpœnas unnecessarily. The argument now is that this clause shows that by " subpœna " the legislature referred to the paper as one single and complete item without regard to the number of names it contains. If the question stood on this clause alone the argument would have much weight. But on the other hand this language is not repeated either in the same words or even in substance in the next section relating to the fees of constables, though the practice of charging the fee for service for each name, under the act of 1868, would have been an evil of the very same kind if it had been contrary to the true intent of the act, and the legislature had intended to change it.

The question is not without difficulty, but we are of opinion that the Superior Court reached the most satisfactory solution.

Judgment affirmed.