## Miller, Appellant, v. Cambria County.

*Coroners—Inquest—Fees—Duties of coroner.*

The authority of a coroner is not to be exercised arbitrarily but with reason and upon sufficient cause. An inquest is held to secure information and develop evidence in case of death resulting from felony or criminal negligence. Where there is reasonable ground to suspect it was so caused, it becomes the duty of the coroner to act. If he has no ground to suspect that the death resulted from criminal misconduct, it is not his duty to act. Where it is apparent that death was caused by disease or by negligence of the deceased or was purely accidental the coroner has no jurisdiction and is not entitled to fees.

The "violence and undue means" which gives jurisdiction to a coroner has reference to unlawful conduct by another from which death resulted. Where it is evident that death did not result from such cause, neither inquest nor a view of the body is necessary. If there are no suspicious circumstances attending the death, the coroner has no duty to perform. He is accountable for the proper exercise of his discretion, and if he act without sufficient cause the county is not liable for his fees.

Argued May 2, 1905. Appeal, No. 230, April T., 1905, by plaintiff, from judgment of C. P. Cambria Co., Sept. T., 1903, No. 467, for defendant on case stated in suit of E. L. Miller v. Cambria County. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine liability for coroner's fees.    Before O'CONNOR, P. J.

The opinion of the Superior Court states the case.

The court entered judgment for defendant on the case stated.

*Error assigned* was the judgment of the court.

*S. L. Reed*, with him *Jacob Zimmerman*, for appellant, cited : Fayette County Coroner's Returns, 24 Pa. C. C. Rep. 498; Fayette County Coroner's Inquests, 30 Pa. C. C. Rep. 321 ; Troutman v. Chambers, 9 Pa. Dist. Rep. 533 ; Winger v. McKean County, 26 Pa. C. C. Rep. 126 ; Cochrane's Inquest, 27 Pa. C. C. Rep. 282 ; Lancaster County v. Mishler, 100 Pa. 624.

*William Davis*, with him *M. D. Kittell*, for appellee, cited : Burn's Case, 5 Pa. C. C. Rep. 549 ; In re Coroner's Inquests, 1 Pa. C. C. Rep. 14; Jones's Inquest, 1 Pa. C. C. Rep. 19 ; Marvin Shaft Inquest, 3 Pa. C. C. Rep. 10 ;. Pfouts's Cases, 7 Pa. C. C. Rep. 265; Bender's Case, 8 Pa. C. C. Rep. 664; Burnett v. Lackawanna County, 9 Pa. C. C. Rep. 95 ; Watson v. Beaver County, 9 Pa. C. C. Rep. 495.; Lee's Case, 9 Pa. C. C. Rep. 474; McFadgen v. Chester County, 10 Pa. C. C. Rep. 124; Coroner's Inquest, 20 Pa. C. C. Rep. 660 ; Fayette County Coroner's Returns, 24 Pa. C. C. Rep. 498; Grove's Inquest, 26 Pa. C. C. Rep. 449; Cochrane's Inquest, 27 Pa. C. C. Rep. 282.

OPINION BY HENDERSON, J., October 9, 1905 :

In the agreement for an amicable action between the parties, it was provided " that the transcript or returns of the coroner together with his testimony and the testimony of other witnesses produced by either the plaintiff, defendant or the court shall be heard and considered in evidence in the trial of this case, but the transcript or returns alone, in the absence of the testimony of the coroner, shall not be considered." Only one of the coroner's returns is printed in the appellant's paperbook, and that is the return of an inquest ; nor is the record kept by the coroner which was offered in evidence at the trial printed. The agreement referred to put upon the plaintiff

the burden of establishing his case by evidence additional to his returns. If his claim had been supported by the returns alone, it may be that the presumption that he acted in good faith and on sufficient cause would have shifted to the defendant the burden of showing the contrary, but when his testimony was taken at the trial there was a manifest lack of evidence to show jurisdiction in practically all of the cases out of which the charges for costs arose. The numerous bills of costs seem to have been treated as one claim without reference to the facts of the particular cases. All of them were for the costs of viewing bodies where the coroner decided no inquest was necessary. The authority of a coroner is not to be exercised arbitrarily but with reason and upon sufficient cause. An inquest is held to secure information and develop evidence in case of death resulting from felony or criminal negligence. Where there is reasonable ground to suspect it was so caused, it becomes the duty of the coroner to act: County of Lancaster v. Mishler, 100 Pa. 624. If he has no ground to suspect that the death resulted from criminal misconduct, it is not his duty to act. Where it is apparent that death was caused by disease or by negligence of the deceased or was purely accidental the coroner has no jurisdiction and is not entitled to fees. The "violence and undue means" which gives jurisdiction to a coroner has reference to unlawful conduct of another from which death resulted. Where it is evident that death did not result from such cause, neither inquest nor a view of the body is necessary. If there are no suspicious circumstances attending the death, the coroner has no duty to perform. He is accountable for the proper exercise of his discretion, and if he act without sufficient cause the county is not liable for his fees.

We are unable to determine from the evidence whether any one of the cases for which the charges are presented was a proper subject for action by the coroner. If the plaintiff's evidence had been directed to the specific cases for which his charges are made and it had appeared that as to any one of them there were suspicious circumstances moving him to action, his cause could have been maintained as to the particular case, but, as the record is presented, the judgment of the court below should be affirmed.