June 15, 1908.

————o————

## No. 4503.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF THOMAS HOGAN.

1. A judgment on a rule to compel compliance with an adjudication may, after the adjudicatee's death before compliance, be enforced against his succession.

2. The registry of a pending suit, under Act No. 134 of 1898, in which suit there is no claim of title adversely to the recorded owner, is not such a cloud on the title as warrants refusal to comply with the adjudication.

3. Purchasers of property belonging to a succession ordered sold by a court of competent jurisdiction and made at the instance of one apparently authorized to apply for it, are not bound, at their peril, to institute enquiries into the validity of the will appointing the executor, nor into the capacity of the testator to make the will when it is valid on its face.

Appeal from Civil District Court, Division C.

J. A. Grasser, Geo. W. Flynn, for Succession, Appellant.

Dinkelspiel, Hart & Davey, Plaintiff in Rule, Appellee.

MOORE, J. Thomas Hogan was the adjudicatee of certain real property sold on the 14th of May, 1906, in the matter of the Succession of Mrs. Caroline Herber for the sum of eleven hundred dollars. Failing to comply with his bid, a rule in that succession was sued out against him to compel compliance, which rule was made absolute on the 27th day of July, 1906.

Two months later, and before compliance with the judgment, Hogan died, his estate being administered by a testamentary executrix.

Thereupon the representative of the Succession of Caroline Herber ruled Hogan's executrix to show cause "why she should not pay said judgment, or in default thereof, that sufficient property of this (Hogan's) succession be sold according to law in order to provide funds for said payment. The answer denies that the judgment against Hogan was for eleven hundred dollars, and avers that it was simply, to quote from the answer, 'an order on defendant in rule to take the property bought by him (Hogan) in the succession of Caroline Herber, or in default that the property be sold for his account.' The answer, however, admits that respondent "is ready and willing to take the said title, but that plaintiff in rule has not been able to give your defendant in rule a clear title free from all encumbrances."

There was judgment making the rule absolute and ordering Hogan's executrix "to pay plaintiff in rule the sum of eleven hundred dollars, the amount of the judgment rendered July 17th, 1906, and signed July 27th, 1906, or in default thereof, sufficient property of the estate of said Thomas Hogan be sold to pay

268

said judgment, provided however that within ten days from date, certificates shall be furnished showing that the property adjudicated to Thomas Hogan was free from all encumbrances on May 14th, 1906.

From this judgment Hogan's executrix appeals.

There is no merit in the contention that the judgment of the 27th July, 1906, is not a money judgment for eleven hundred dollars. That judgment, after ordering that the rule be made absolute, proceeds as follows: " ** * and accordingly, defendant in rule, Thomas Hogan, is hereby condemned and ordered to comply with the terms of the adjudication * * * for the sum of eleven hundred dollars, *to pay said price,* or in default thereof that said property be sold for his account," etc. But be this as it may, defendant in rule admits the adjudication to have been for this sum, and avers her readiness and willingness to take title and pay the price, "if a clear title free from all encumbrances," can be given. After all, therefore, the sole question in the cause is, has such a title been tendered? Pretermitting the fact that the question of "clear title" has already been determined in the rule against Hogan during his life, and was decided against him, and on the same ground of complaint as is made here, we will nevertheless proceed to consider it.

The sole objection urged is that a suit has been instituted by a brother of Mrs. Caroline Herber, one Abraham Creppel, to annul her will which had been duly probated and under which the executor, on whose petition the sale of the property had been provoked, had qualified; and that subsequent to the death of that brother a similar suit had been filed by his heirs, and that both of these suits are of record in the Mortgage office of the Parish of Orleans, being recorded under the provisions of Act No. 134 of 1898. It appears, however, that the first dated suit was of registry at the time of the judgment on the rule against Hogan, and was made the cause of objection to his taking title . The rule, therefore, disposed of that question. But more than that, a final judgment has been rendered by the Supreme Court of this State dismissing the action. As to the second suit, the suit by the heirs of Abraham Creppel, it can have no effect on the title for the reasons: First—Because it was recorded not only *after the adjudication* of the property, which adjudication conveys title without any subsequent deed? Interdiction of Onorato,

46 A. 73, but *after the* judgment on the rule against Hogan, of date July 27th, 1906; and, Second—Because that suit did not set up any claim of title adversely to the recorded owner, Caroline Herber; on the contrary, the claim was that the property was hers and that the petitioners would take through her, as her heirs, in the event the will was annulled, which was the object of the suit. Whether the appointment of the executor under the will of Caroline Herber might subsequently be set aside can in no manner affect the sale. The property had been sold under an order of a competent court, made at the instance of one apparently authorized to apply for it. The records of the community showed that the executor was exercising the functions of his office at the time he asked for the order of sale.

Purchasers are not bound at their peril to inquire, when property is advertised for sale by an executor, into the validity of the will appointing the executor nor into the capacity of the testatrix to make the will. Suc. Lehman 41 A. 987.

In our opinion, defendant in rule has been tendered a valid title, and, so far as encumbrances on the property since the date of adjudication, the judgment makes due provision for a clear certificate.

The judgment appealed from is accordingly affirmed.

June 15, 1908.

Rehearing refused June 27, 1908.