## THE NEPTUNE.

### (Circuit Court of Appeals, Second Circuit. April 25, 1918.)

### No. 247.

1. UNITED STATES MARSHALS ⬅11—FEES—AGREEMENT.
   There can be no legal agreement for a marshal to charge more than $2.50 per day for keeping an attached vessel, the fee limited by Rev. St. § 829 (Comp. St. 1916, § 1386); section 823 (section 1375) providing the "following and no other compensation" shall be allowed marshals.

2. UNITED STATES MARSHALS ⬅21—FEES—KEEPING ATTACHED VESSEL.
   The $2.50 per day for keeping an attached vessel, by Rev. St. § 829 (Comp. St. 1916, § 1386), allowed a marshal, covers only cost of custody proper; and, she sinking without his fault, a charge for raising and beaching is proper.

3. ADMIRALTY ⬅125—TAXATION OF COSTS—REFERENCE—ISSUE OF FACT.
   A marshal's charge for raising an attached vessel being contested on the ground that she sank through his fault, the matter must be referred, and cannot be determined on affidavits.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Verdon & Co. against the steam tug Neptune. From an order retaxing the mashal's fees and expenses, libelant appeals. Reversed and remanded, with instructions.

Appeal from an order of the District Court retaxing the marshal's fees and expenses in the custody of the Neptune, arrested by him on April 19, 1917, and sold on May 28, 1917. While in his custody for a part of the time, he employed one keeper at $5 per diem, and for the rest two at $2.50 each per diem. On the day of the arrest the libelant wrote a letter to the marshal, authorizing him to place two keepers on the tug until further notice. The libelant asserts that he was required to give such an authorization as a condition of arrest. This the marshal denies. Other lienors besides the libelant intervened, who claim that as to them in any event the authorization is invalid.

The Neptune, while moored at the pier, sank, and the marshal was at substantial expense in raising and beaching her. The lienors urge that these expenses are not properly chargeable, because the Neptune was left in an exposed place, subject to be pounded against the sides of the piers, so that her seams opened. This disputed issue was presented only upon affidavits.

Mark Ash and J. P. Nolan, both of New York City, for appellants. John Hunter, Jr., of New York City, for appellee.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge (after stating the facts as above). [1] The appellee does not contend that, without the libelant's au-

thorization, the marshal has the right to charge more than $2.50 per diem for the custody of the vessel. Indeed, such a contention would, if made, be in the face of the statute (R. S. §§ 823, 829 [Comp. St. 1916, §§ 1375, 1386]), which expressly limits the marshal's allowance to that amount. Such has been the uniform ruling of the District Courts for the Southern and Eastern Districts of New York, and the question admits of no debate. The Perseverance (D. C.) 22 Fed. 462; The Captain John (D. C.) 41 Fed. 147; The F. Merwin, 10 Ben. 403, Fed. Cas. No. 4,893. Furthermore, since the fees are fixed by statute, under settled rules no agreement is valid by which they are changed. Hatch v. Mann, 15 Wend. (N. Y.) 44; Gilman v. Des Moines Valley R. R. Co., 40 Iowa, 200; Phœnix Ins. Co. v. McEvony, 52 Neb. 566, 72 N. W. 956; Edgerly v. Hale, 71 N. H. 138, 51 Atl. 679; Price v. Lancaster County, 189 Pa. 95, 41 Atl. 987 (obiter); Burke v. Webb, 32 Mich. 173, 182; Carpenter v. Taylor, 164 N. Y. 171, 58 N. E. 53. In Crofut v. Brandt, 58 N. Y. 106, 17 Am. Rep. 213, the limitations upon the sheriff in such matters are discussed with learning. The doctrine goes back to English cases before the Revolution, which may be found collated in Hatch v. Mann, supra. Hence we find that no legal agreement could exist which would authorize a recovery by the marshal of more than $2.50 per diem for keeping a vessel. The amount may be inadequate under present conditions, but it is fixed by law, and we have no power to change it.

[2, 3] However, this fee comprises only the cost of the custody proper of the vessel; it does not cover the marshal's expenses for wharfage (The F. Merwin, supra), or the like (The Nellie Peck [D. C.] 25 Fed. 463). If the vessel sank without fault of the marshal, he would be responsible for her protection, and his charges for raising and beaching her would be proper. Indeed, the libelant and the lienors do not dispute this, or contend that the charge of $2.50 per diem would cover such services. Their position is that the marshal was at fault for leaving her where she was. It is clear that this issue cannot be satisfactorily disposed of upon affidavits. If the parties wish to contest the charge, the matter must be referred, so that evidence may be taken and the issue properly determined. If not, the charge must be allowed.

The charge of $5 is proper when the marshal draws and executes a deed; if the party draws it, as he may, the charge is only $1. R. S. § 829.

Order reversed, and cause remanded, with instruction to retax the costs as above provided.