## Voigt's Fees.

*Coroners—Costs—Fees—Viewing body—Concurrent jurisdiction with justice of peace—Mileage—Acts of March 28, 1814, May 27, 1841, March 30, 1897.*

1. Where a coroner, upon request, has made a view and no inquest, as provided by section 1 of the Act of March 30, 1897, P. L. 8, the presumption is that he acted in good faith and on sufficinet cause. The mere allegation of lack of faith is not sufficient.

2. No view should be had, nor inquest held, where it is apparent that death was caused by disease or by negligence of the deceased, or was purely accidental.

3. Under the Act of May 27, 1841. § 15, P. L. 404, where a coroner's office is more than ten miles distant from the place where the death occurred or the body was found, the coroner and the justice of the peace have concurrent jurisdiction. The coroner may hold the inquest if he desires.

4. Under the Acts of March 28, 1814, P. L. 352, 363, and March 30, 1897, P. L. 8, the coroner is entitled to the same mileage as the sheriff.

*Statutes — Construction — Contemporary construction—Meaning of later act—Presumption.*

5. Where the universal practice throughout the Commonwealth was to allow certain fees under an act of assembly, such practice was a contemporary construction of the act, which is presumably known to the legislature, and when, in a later act, that body uses the same words, merely increasing the amount, the presumption is strong that the legislature intended them to have the same construction.

Rule for costs and mileage.   Q. S. Wayne Co., June T., 1921, No. 13.

*M. E. Simons,* for coroner; *E. C. Mumford,* County Solicitor, for county.

SEARLE, P. J., May 8, 1922.—The coroner obtained a rule to show cause why costs of viewing a dead body, $2.75, and mileage, twenty miles each way, $4, total $6.75, should not be paid.

The answer to the rule set forth: 1. That there was no cause for viewing this body. 2. That the place of death was more than ten miles from the residence of the coroner, and view could be made by a justice. 3. That there is no statute in Pennsylvania fixing rate of mileage, and, in the absence of such statute, no mileage can be allowed.

Where a coroner, upon request, has made a view and no inquest, as provided by section 1 of the Act of March 30, 1897, P. L. 8, the presumption is that he acted in good faith and on sufficient cause: Fayette County Returns, 24 Pa. C. C. Reps. 498. And this presumption has not been rebutted by any evidence. The mere allegation of lack of good faith is not sufficient.

We again say, however, for the benefit not only of the coroner, but also of any justice who may be called upon to view a dead body or hold an inquest, that no view should be had or inquest held where it is apparent that death was caused by disease or by negligence of the deceased, or was purely accidental. "The 'violence and undue means,' which gives jurisdiction to a coroner, has reference to unlawful conduct of another from which death resulted. Where it is evident that death did not result from such cause, neither inquest nor view of the body is necessary. If there are no suspicious circumstances attending the death, the coroner has no duty to perform. He is accountable for the proper exercise of his discretion, and if he acts without sufficient cause, the county is not liable for his fees:" Miller *v.* Cambria County, 29 Pa. Superior Ct. 166. See, also, Lancaster County *v.* Mishler, 100 Pa. 624.

The first objection is dismissed.

The Act of May 27, 1841, § 15, P. L. 400, which makes it lawful for a justice of the peace in the proper county to hold an inquest where there is no lawfully appointed coroner, or he is absent from the county and unable to attend, or his office is held more than ten miles distant from the place where the death

2 D. & C.

occurred or the body found, does not oust the jurisdiction of the coroner. He may hold inquest if he desires. In such case, each has concurrent jurisdiction.

The second objection is dismissed.

The third objection to the coroner's bill is more serious, and one which the county commissioners especially desire to have determined by this court. Is the county coroner entitled to mileage, and, if so, how much?

We have considered the case of McBride v. Mercer County, 48 Pa. C. C. Reps. 669, and the cases therein cited, and we cannot agree with the conclusion therein reached.

By the Act of Sept. 29, 1789, recorded L. B., No. 4, page 14, § 4, in case of the death or removal from office of the sheriff, the coroner was authorized to act in his place.

It is provided, in section 19 of the Act of March 28, 1814, P. L. 363, that "the fees to be received by the coroner of each county" should be as follows: "For viewing a dead body, $2.75; . . . drawing and returning inquisition, $1.37½; . . . with mileage from the court-house to the place of viewing the body." This indicates the distance to be charged. Then follows "executing any process or writs of any kind, the same fees as are allowed to the sheriff, and the same mileage." The "same" mileage, there referred to, indicates the amount to be charged for such distance traveled, and this mileage applies and gives to the coroner compensation both while acting as coroner and as sheriff.

In section 1 of the Act of March 30, 1897, P. L. 8, it is enacted: "That whenever the coroner shall have been called and views a dead body and decides that no inquest is necessary, he shall certify and return this fact as inquests are now returned; and for such services he shall receive the same fees and mileage as is now allowed by law for such view when followed by an inquest; said fee and mileage to be paid as provided by law where an inquest is held." The words "as provided by law" must be considered as referring to some previous authorization, and the only previous statutory authority therefor is found in the said Act of 1814. And the Legislature of Pennsylvania was evidently of the opinion, when this last act was passed, that a coroner was entitled to mileage under the Act of 1814, which allowance has been uniformly made for a period of eighty-four years.

It was clearly the intention of the Act of 1814 to provide mileage. There may be some grammatical inaccuracies in this act, but it would appear to be doing a greater violence to the express intention of the legislature to exclude the phrase "with mileage from the court-house to the place of viewing the body" than to interpret the clause "and the same mileage" as applying to the coroner in the performance of his duties in making an inquisition as well as in performance of his duties in executing any process or writ. This interpretation especially ought to be made since the passage of the Act of 1897.

"Where the universal practice throughout the Commonwealth was to allow certain fees under the act of assembly, such practice was a contemporary construction of the act which was presumably known to the legislature, and when, in a later act, they use the same words, merely increasing the amount, the presumption is strong that they intended them to bear the same construction:" Price v. Lancaster County, 189 Pa. 95.

In many cases in Pennsylvania mileage has been allowed. See Troutman v. Commissioners, 9 Dist. R. 533; Rambo v. County Commissioners, 1 Ches. Co. Reps. 416, and Marvin Shaft Inquest, 3 Pa. C. C. Reps. 10. There did not appear in the minds of the courts or attorneys any doubt about the fact that the coroner should receive mileage the same as the sheriff. The only question seemed to be as to the distance he should be allowed such mileage.

Considering these cases and the universal practice and decisions of our courts, the construction placed upon the Act of 1814 by the Legislature of 1897, and under the decision above referred to of Price *v.* Lancaster County, 189 Pa. 95, we are of the opinion that the coroner is entitled to the same mileage as the sheriff.

Now, May 8, 1922, the rule to show cause heretofore granted in this case is made absolute; the bill for mileage, $4, being approved, however, for $2, being mileage from the court-house to Clinton Township instead of from the residence of the coroner in Howley Borough, making the bill as approved $4.75, and the bill as so approved is directed to be paid by the County of Wayne. From A. G. Rutherford, Honesdale, Pa.