SORENSON & CO. v. LIVERPOOL, BRAZIL & RIVER PLATE STEAM NAV. CO., Limited, and three other cases.

District Court, S. D. New York.

Dec. 8, 1930.

Bigham, Englar & Jones, of New York City, for libelants.

Slayton & Jackson, of New York City, for respondents Liverpool, Brazil & River Plate Steam Nav. Co. and others.

Lord, Day & Lord, of New York City, for respondent Cunard S. S. Co.

CAFFEY, District Judge.

Though there be no statute, and there were no rule on which to base it, as there is none which restrains it, the power of the court, without the consent of or over the opposition of a party, to send an issue or the issues of an admiralty case to a commissioner or master for hearing and report, seems to me clear. Its existence is declared in The City of Washington, 92 U. S. 31, at page 39, 23 L. Ed. 600. It was also definitely announced as long ago as 1859 by the Circuit Court for this district in Shaw v. Collyer, 21 Fed. Cas. No. 12,718, at page 1190. See, also, The Emily, 8 Fed. Cas. No. 4453, page 654 (1845), affirmed 8 Fed. Cas. No. 4452, page 653 (1847). The same thing has been frequently—so far as discovered, uniformly —said or implied, though for obvious reasons not much discussed, by the Circuit Court of Appeals for the Second Circuit. Illustrations are to be found in The Bronx, 246 F. 809, at pages 810, 811; The Neptune, 252 F. 129, at page 130; United States W. F. Co. v. La Com. Gen Transatlantique, 271 F. 184, at page 185; The Spica, 289 F. 436, at page 439; and the practice prevails elsewhere (e. g., in New Jersey, The Wavelet, 25 F. 733, 734; in Pennsylvania, Barnes v. Steamship Co., 2 Fed. Cas. No. 1021, at page 876; in Louisiana, Lee v. Thompson, 15 Fed. Cas. No. 8202, page 233 at page 236).

Furthermore, I think a different view would be inconsistent with Ex parte Peterson, 253 U. S. 300, 312–314, 40 S. Ct. 543, 64 L. Ed. 919, holding, in the absence of either statute or rule on the subject, that the court, of its own initiative, may require an auditor in a common-law action to take proof and to make a report which, when approved by the court, shall be admissible as prima facie evidence at a jury trial.

If, however, there were doubt on the point, it would be removed by admiralty rule 43 (28 USCA § 723), which, if it does merely confirm, at least must be construed to confer the authority invoked.

Motion granted.