## Pennsylvania Company, etc., v. Zussman et al.

*Thomas J. Norris*, for plaintiff.

*Wolf, Block, Schorr & Solis-Cohen*, for defendant.

*John J. Elcock* and *David J. Smyth*, for City of Philadelphia.

*Robert von Moschzisker*, for Board of Education.

MacNeille, J., January 16, 1936.—This is plaintiff's rule for judgment for want of a sufficient affidavit of defense filed to a sci. fa. sur mortgage.

The default alleged is failure of defendant to pay penalties that accrued on the 1934 taxes during 1934. The defense is that these so-called penalties were abated by the Act of June 21, 1935, P. L. 410. Section 1 of this act provides:

"That all penalties and interest, imposed on delinquent city or school taxes in cities of the first class, and in school districts of the first class, for the tax year one thousand nine hundred and thirty-three and for all previous tax years, and the penalties imposed on such taxes for the tax year of one thousand nine hundred and thirty-four, shall be abated by the council of such city or by the board of public education of such school district, as the case may be".

The ordinance of council passed in pursuance of this act contains the same language as the act.

It is agreed that the act abates all penalties and interest on delinquent taxes for the year 1933 and prior thereto, and penalties imposed in 1935 on taxes of 1934 which are delinquent in 1935, but plaintiff contends that the penalties charged against such 1934 taxes in 1934 are not abated. With this contention the receiver of taxes, the city solicitor and the solicitor for the board of education, each of whom appeared as amicus curiae and filed a brief, are in accord. The receiver of taxes

has collected several millions of dollars in such penalties on current taxes.

In 1933, two years prior to the 1935 act, an act was passed using similar words, under which the receiver of taxes collected similar current tax penalties: Act of December 7, 1933, P. L. 56. That this interpretation of the act has been the common understanding in Philadelphia we have no doubt, and we think this common understanding is an important consideration, although we recognize that it is not alone conclusive. Where an act is universally construed in a definite way, such practice is a contemporary construction of the act which was presumably known to the legislature, and when in a later act it used the same words "the presumption is strong that they were intended to bear the same construction": Price v. The County of Lancaster, 189 Pa. 95.

For the purpose of this discussion we assume that the expression "current taxes" embraces taxes that are not delinquent, and that a "delinquent tax" is a tax which remains unpaid after the period allowed for the payment of current taxes.

The city is without authority to enforce the collection of current taxes, but it may enforce collection of delinquent taxes: Pusey's Estate, 299 Pa. 325. The first step is provided in the Act of April 19, 1883, P. L. 9, sec. 2, 53 PS §4916:

"That in all cities of the first class, the receiver of taxes therein, shall, on or before the fifteenth day of January, in each and every year, have prepared a registry of all outstanding or delinquent taxes, of the previous year, due and owing said cities, and shall immediately proceed upon all such delinquent taxes, rates, and levies, for the collection thereof, and to collect the same, by distraint or otherwise, either out of the personal property on the premises, or the personal or real estate of the delinquent owner wherever the same may be found, whether in his own possession, or in that

of any trustee or other person for him, or in the possession of his executors, administrators, or legal representatives."

In this connection it is significant that the Act of June 21, 1935, supra, contains the expression "all penalties and interest, imposed on delinquent city or school taxes in cities of the first class". We are sure that the act was meant to deal only with penalties that are imposed on taxes that are delinquent because unpaid after the period allowed for payment of current taxes. Had the word "taxes" been used without the modifier "delinquent", then the defendant's contention would have great merit, that is, that the act was meant to abate all penalties whether imposed on taxes while they were delinquent or imposed on them while they were currently unpaid. We cannot accept this interpretation, because it is apparent that the legislature chose to use the designation "delinquent" in order to abate "delinquent penalties" only. To accept the defendant's contention we should interpret this expression "delinquent city or school taxes" to mean all unpaid taxes, whether unpaid during the current year or thereafter.

We think it fair to test the question thus raised by looking at the language of statutes containing the phrase "delinquent taxes". Every statute which we have been able to find on the subject of "delinquent taxes" seems to relate to defaulted taxes, that is, those remaining unpaid after the period allowed for the payment of current taxes. None of the statutes which refer to "current taxes" speaks of them as "delinquent". This distinction will be observed upon examining the following acts: Act of April 19, 1883, P. L. 9; Act of May 13, 1856, P. L. 567; Act of May 23, 1874, P. L. 230; Act of March 24, 1870, P. L. 544; Act of March 24, 1909, P. L. 76; Act of July 21, 1913, P. L. 863; Act of April 16, 1879, P. L. 24.

The Act of 1883, supra, abolishes the office of the collector of delinquent taxes, and refers to them as "de-

linquent taxes" in apparent distinction to current taxes. The Act of 1856, supra, provides for publication of the names of all delinquent taxpayers, and likewise embraces only defaulted taxes. The Act of 1874, supra, provides for publication of a statement of all "delinquent taxes", and refers only to defaulted taxes as distinguished from current taxes. The Act of 1870, supra, provides that a registry of delinquents be handed to the collector, and that he shall proceed to collect such "delinquent" taxes, but, of course, makes no reference to "current" taxes. The Acts of 1909 and 1913, supra, both refer to "delinquent" taxes, and it is clear that they have no reference to "current" taxes. The Act of 1879, supra, directs the collector to proceed on "delinquent" taxes, and it is clear that by this term it refers to defaulted taxes. The Act of April 17, 1861, P. L. 354, which has provisions concerning "current" taxes and imposes penalties on certain unpaid "current" taxes, does not contain the term "delinquent" taxes.

We have been unable to find any legislation that refers to "current" taxes as "delinquent" taxes. In our effort to determine what the legislature meant by the term "delinquent city or school taxes" we have tried to examine all statutes using that expression.

We have given our attention to the Act of June 22, 1935, P. L. 444, providing for abatement of penalties on taxes in cities other than those of the first class. In that act it is provided that "for the purposes of this act, a tax shall be deemed to become delinquent on the date when a penalty attaches to the tax". We do not believe that this was an attempt to give a general definition of the expression. This same legislature had just passed the Act of June 21, 1935, P. L. 410, which we are considering, and we assume it was familiar with the interpretation which its words had received in Philadelphia, the only city of the first class in the Commonwealth. It was also familiar with the fact that in 1933 it had passed a similar act containing the same expression, and

had every means of knowing that the interpretation placed on the 1933 act was not in accordance with the definition which it supplied exclusively in the Act of June 22, 1935, supra. We think it is for this reason that it limited the definition to that act.

The City of Philadelphia is right in its contention that penalties placed on delinquent taxes are the only ones to be abated by the act, and that a penalty placed on current taxes because of nonpayment within the period allowed is a penalty not abated by the act.

Penalties to be imposed on delinquent taxes are provided for in the Act of April 19, 1883, P. L. 9, sec. 13, 53 PS §4924, which provides that on the first day of February succeeding the registry of any tax as delinquent there shall be imposed a penalty of one percent, and on the first day of each succeeding month of that year up to and including the first day of August an additional penalty of one percent for each month.

The Philadelphia City Council, of course, is without any authority to impose penalties on delinquent taxes. It is also without authority to impose penalties on current taxes except insofar as legislation may enable it to do so. We think it is given the authority to impose penalties on current taxes by the Act of April 17, 1861, P. L. 354, sec. 1, 53 PS §4871. That section names certain discounts in the early months of the year and certain penalties in the late months of the year in relation to taxes assessed for the current year, and as to penalties it provides:

". . . if paid after the first day of September and on or before the first day of October, an addition of two per cent. shall be added to and payable on the same, and if not paid until the first day of December, then an addition of five per cent. shall be added to and payable on the same; *and the councils of Philadelphia shall have the power to allow any other per centage for the payment of taxes, or add any other penalty for their nonpayment during the current year*" (italics ours).

We think this act conferred upon the council authority to regulate discounts and penalties as to current taxes only. Thus enabled, the council passed an ordinance, approved December 14, 1933, (Ordinances And City Solicitor's Opinions 1933, page 456, sec. 4), which fixed the tax for the year 1934 and also fixed certain penalties, as follows:

". . . if paid during the month of July an addition or penalty of one per cent. shall be imposed . . . if paid during the month of December an addition or penalty of six per cent. shall be imposed; and upon all taxes remaining unpaid on and after the first day of January, 1935, there shall be an addition or penalty of seven per cent. and the cost of advertising added to and made payable on the same."

Since the council passed this ordinance presumably because of the authority contained in the Act of 1861, supra, relating to current taxes, it is clear that they meant to impose a penalty to be applied for nonpayment of current taxes.

We notice that the act fixing penalties on current taxes says, as to the month of September and as to the month of October, that they are to be added to and made payable if the taxes are paid within those months, but as to the five percent which the act imposes for the month of December, it provides: "If not paid until the first day of December, then an addition of five per cent. shall be added". On the other hand, the ordinance provides that its penalty for December, which is six percent, is to be imposed: "if paid during the month of December". Obviously this penalty of six percent would not apply if the taxes were paid after December. It is clear that having this in mind the council meant to provide a seven percent penalty that would apply to taxes remaining unpaid during the month of December. Thus viewed, the seven percent is a penalty on current taxes. If council exceeded its authority, this much of the ordinance is a nullity, but in that case the five percent

provided in the act of assembly to be added to taxes remaining unpaid in December should be collected.

We are of the opinion that the legislature meant to abate only those penalties which have been called penalties on delinquent taxes, as distinguished from penalties that have been imposed on taxes during the year for which they were currently assessed, pursuant to the statutes specifically so authorizing, and that it is our duty so to construe the act that the will of the legislature may be carried out. The defendant suggests that if there be any doubt it should be resolved in favor of the taxpayer, because the act is one imposing taxes. We think this is not an act imposing taxes, but is an act granting a special benefit to the taxpayer, and we cannot read the act in such a way as to enlarge for the taxpayer's benefit the privilege thus granted.

The dispute in this suit involves this seven percent penalty which we have been discussing.

Wherefore, we make absolute the plaintiff's rule for judgment for want of a sufficient affidavit of defense.